**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Case No.: 23-15552 Adv. No.: 25-1140

The pre-trial conference in this matter has been scheduled for:

Date: 6/18/2025 Time: 3:00 pm

Courtroom: 2

Address: U.S. Bankruptcy Court
402 East State Street, Trenton, NJ 08608

**PLAINTIFF SHALL SERVE ALL PARTIES WITH A COPY OF THESE INSTRUCTIONS, THE PROPOSED *JOINT ORDER SCHEDULING PRETRIAL PROCEEDINGS AND TRIAL* AND *MEDIATION ORDER* WHEN SERVING THE SUMMONS AND COMPLAINT.**

All parties are directed to exchange initial discovery under Fed. R. Civ. Proc. 26(a) within 14 days of the date the answer is filed.

## There is a presumption of mediation in all Adversary Proceedings

**MEDIATION ORDER -** The parties must submit, at least three (3) days prior to the pretrial conference, a proposed *Mediation Order*, in the attached form.

**JOINT ORDER SCHEDULING PRETRIAL PROCEEDINGS AND TRIAL -** The parties must submit, at least 3 days prior to the pretrial conference, a *Joint Proposed Scheduling Order* in the attached form, establishing a discovery and pretrial motion schedule, and an estimated length of trial. The court will fix a trial date.

## Attendance at the pretrial conference is REQUIRED if the parties fail to submit both of the above orders.

Under D.N.J. LBR 9019-2 (a)(3), a party seeking to be excused from mediation, or a determination from the court that mediation should not proceed, or otherwise raise an objection to mediation, may file a motion. The motion shall be filed with the Clerk of the Bankruptcy Court, and shall be served on all parties to the adversary proceeding. The motion shall be considered at the pretrial conference.

**THE PLAINTIFF’S FAILURE TO TIMELY FILE A REQUEST TO ENTER DEFAULT, IF AN ANSWER HAS NOT BEEN FILED, MAY RESULT IN DISMISSAL FOR LACK OF PROSECUTION AT THE PRE TRIAL CONFERENCE.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

In Re:
Crown Lifestyles, Inc.

Daniel E. Straffi, Trustee

Plaintiff(s)

v.
Mohan Varkey Panamdanam

Defendant(s)

Case No.: 23-15552

Chapter: 7

Adv. Pro. No.: 25-1140

Judge: Hall

**MEDIATION ORDER**

The relief set forth on the following page is **ORDERED**.

It having been determined that mediation may produce a mutually agreeable resolution of all or some of the issues between the parties, and the parties having

☐ agreed on the selection of a mediator [add the name and address of the mediator below],

☐ been unable to agree on the selection of a mediator, ask the court to appoint one [court will add the name and address of a mediator],

it is ORDERED, that

the parties will make a good faith attempt to settle this action through mediation and will attend, personally or through a representative with authority to negotiate and settle the disputes, all sessions scheduled by the mediator;

_________________________________________ is appointed to serve as mediator in this matter.

The mediator's address is ______________________________________________________________.

It is further ORDERED, that

D.N.J. LBR 9019-1 and 9019-2, as well as the following terms and guidelines will govern the mediation process between the parties:

1. Plaintiff must immediately serve the designated mediator with a copy of the *Mediation Order*.

2. Promptly after receiving the *Mediation Order*, the mediator must determine whether there is a basis for disqualification or whether the mediator is unable to serve for any other reason.

3. Upon entry of this Order, the parties must promptly contact the mediator to schedule the organizational telephone conference required by D.N.J. LBR 9019-2(d).

4. The scheduling and location of all mediation sessions will be determined by the mediator; however, the mediation must commence not later than 60 days after the entry of this order, unless extended by further court order.

5. The parties will compensate the mediator at the rate of $____________________. Each party is responsible for one-half of the mediator's fee. The fee is due not later than 30 days after presentation of the mediator's invoice. Either the mediator or a party to the mediation may bring a motion to enforce the parties' payment obligations under this Order.

6. The mediator has the right to terminate this mediation at any time, for any reason, by providing written notice to counsel for all parties.

7. Not later than 7 days after the conclusion of the mediation, the mediator must file Local Form, *Mediation Report*.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

In Re:

Crown Lifestyles, Inc.

Daniel E. Straffi, Trustee

Plaintiff(s)

v.

Mohan Varkey Panamdanam

Defendant(s)

Case No.: 23-15552

Hearing Date: 6/18/2025

Adv. No.: 25-1140

Judge: Hall

**JOINT ORDER SCHEDULING**
**PRETRIAL PROCEEDINGS AND TRIAL**

The relief set forth on the following pages, numbered two (2) and three (3), is hereby **ORDERED**.

A pretrial conference, having been scheduled pursuant to *Fed.R.Civ.P.* 16(b) and (e), made applicable to these proceedings by *Fed.R.Bankr.P.* 7016, it is

ORDERED that

1. All fact discovery is to be completed by ____________________________ *[enter a date more than 90 days from the date of the pretrial conference].* Any motions to compel discovery are to be made so that the Court can rule and the discovery can be obtained before that date. Late filed discovery motions will not constitute cause for an adjournment of the scheduled trial date. To the extent any party seeks to introduce expert testimony, an amended joint scheduling order must be filed no later than 30 days after the above date, providing for the delivery of expert reports and completion of expert discovery.

2. The parties to this Order consent to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in this proceeding, unless specifically contested in pleadings which comply with Fed. R. Bankr. P. 7008 and Fed. R. Bankr. P. 7012. To the extent any party does not so consent, that party must file a motion within 30 days of the entry of this Order seeking a determination as to whether this Court may adjudicate to final judgment any or all claims and defenses. The failure to timely file such a motion shall be deemed consent to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in this proceeding.

3. Any party seeking to amend pleadings or add additional parties, must do so by filing a motion no later than 30 days after the close of fact discovery.

4. All other motions must be filed no later than 30 days after the completion of all discovery. Late filed motions will not constitute cause for an adjournment of the trial date.

5. Each party must pre-mark the exhibits which may be used at trial.

6. 14 days before trial each party must:

(a) serve a copy of the pre-marked exhibits on each opposing party and provide one bound copy of the exhibits to the Court in Chambers (not to be docketed by the Clerk); and

(b) file, and serve on each opposing party a list of witnesses.

7. All exhibits will be admitted into evidence and witnesses permitted to testify at trial, unless a written objection has been filed 7 days before the trial date. Only parties identified on the witness list will be permitted to give testimony.

8. Any party intending to introduce deposition testimony at trial must serve on each opposing party and file copies of the transcript pages with excerpts highlighted.

9. Within 14 days from the conclusion of the trial, unless such time is extended by the Court, each party must file, and serve on each opposing party, separately numbered proposed findings of fact and conclusions of law with supporting legal citations.

10. Trial will begin on ______________________at ___________________or as soon as the matter may be heard, at:

UNITED STATES BANKRUPTCY COURT ADDRESS:

U.S. Bankruptcy Court

402 East State Street

Trenton, NJ 08608

Courtroom no: 2

**PARTIES MUST BE PREPARED TO PROCEED TO TRIAL ON THE SCHEDULED DATE. ADJOURNMENTS WILL BE GRANTED ONLY FOR COMPELLING REASONS BEYOND THE CONTROL OF THE PARTIES. UNDER D.N.J. LBR 5071-1, PARTIES REQUESTING AN ADJOURNMENT MUST SUBMIT LOCAL FORM, *ADJOURNMENT REQUEST,* VIA CHAMBERS EMAIL NOT LATER THAN 3 DAYS BEFORE THE TRIAL DATE.**

*rev.2/7/22*